IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

     Plaintiff,                           No. CIV S-04-0476 DFL KJM P

    vs.

ANTHONY LAMARQUE,

     Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. On June 23, 2004, the court directed that plaintiff's original complaint be served on defendants Pliler and Lamarque. These defendants brought a motion to dismiss, which on March 28, 2005, was granted in full as to defendant Pliler and granted in part as to defendant Lamarque.

        On March 8, 2005, plaintiff filed an amended complaint. On July 19, 2005, he filed a request to dismiss defendant Chuggs from the amended complaint and requested that a scheduling order issue. Under Federal Rule of Civil Procedure 15(a) a party may file an amended complaint at any time before a responsive pleading is filed. Accordingly, the court will consider the amended complaint. See Nolen v. Fitzharris, 450 F.2d 958 (9th Cir. 1971) (motion to dismiss not a "responsive pleading" under Rule 15(a)).

1

1  The court is required to screen complaints brought by prisoners seeking relief
2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
6  U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 A complaint, or portion thereof, should only be dismissed for failure to state a
15 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
16 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
17 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
18 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
19 complaint under this standard, the court must accept as true the allegations of the complaint in
20 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
21 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
22 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23 In his amended complaint, plaintiff alleges that defendants Pliler and Lamarque,
24 respectively Wardens of California State Prison Sacramento (CSP-Sacramento) and Salinas
25 Valley State Prison (SVSP), failed to hire competent law librarians or to train the librarians or
26 inmate clerks.  As a result, he was advised the amendments to the habeas corpus statutes and

1 particularly the statute of limitations applied only to inmates on death row.  Amended Complaint
2 (Am. Compl.) at 2, 6-7.[1]  He also claims he asked for the amendments to the statute when he was
3 transferred to CSP-Sacramento in 2001 but was told it took some time for various law books to
4 reach the library.  Am. Compl. at 6.  He argues that these deficiencies deprived him of access to
5 the courts by depriving him of "Meaningful Access to review the Amended Federal Statutes on
6 Habeas Corpus," which in turn deprived him of "Meaningful Access to the Court on his Post-
7 Conviction Habeas Petition."  Am. Compl. at 8.  These allegations echo those presented and
8 considered in screening the original complaint and resolving the motion to dismiss.  As noted in
9 the findings and recommendations filed March 2, 2005, the allegations state a claim against
10 defendant Lamarque for violating plaintiff's First and Fourteenth Amendment rights, but not for
11 violating his Sixth or Eighth Amendment rights.   In addition, as noted in the findings and
12 recommendations, plaintiff has no viable claim against defendant Pliler, and nothing in the
13 amended complaint alters this conclusion.

14 Plaintiff names additional defendants in this amended complaint.  He alleges that
15 McDonald and Burke, law librarians at SVSP, were hired without training in or knowledge of
16 legal research and procedures; both informed him they did not have a copy of the 1996
17 amendments to the federal habeas statute and referred him to inmate clerks, who gave him
18 erroneous advice.  This allegation states a claim against defendants McDonald and Burke.

19 Plaintiff also names defendants Bill Dieball, assistant deputy director of
20 operations and programs, and Carroll Mjelde, superintendent of education for the Department of
21 Corrections.  Although he alleges generally that these defendants have a variety of duties to
22 maintain prison law libraries and hire competent workers, he has merely attached the general
23 allegations of his original complaint to new pages listing various defendants.  He has made no
24 real attempt to explain why these defendants could be or are actually involved in the operation of

---

[1] The pages referenced here are in the document attached to the form complaint.

prison law libraries.

In light of plaintiff's July 19, 2005 request, the court will not consider the remaining allegations against defendant Chuggs.

Finally, plaintiff has requested that the court issue a scheduling order. Such an order is appropriate only after an answer is filed. Until the court has screened plaintiff's second amended complaint, should he choose to file one, and directed service, and until the served defendants have answered, no scheduling order will issue.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, should plaintiff choose to file a second amended complaint, he is directed not to include those defendants or claims that were resolved against him in the motion to dismiss.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Alternatively, if plaintiff wishes to proceed only on the first amended complaint filed March 8, 2005 with the understanding that it completely supersedes and replaces the original complaint, he may notify the court of this decision within the thirty days period provided for in 2 above, and the first amended complaint will be revived and the action proceed thereon.

4. Plaintiff's July 19, 2005 request to dismiss defendant Chuggs is granted.

5. Plaintiff's July 19, 2005 request for a scheduling order is denied without prejudice.

DATED: December 7, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
hard0476.14amd