IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

    Plaintiff,                          No. CIV S-04-0476 RRB KJM P

    vs.

ANTHONY LAMARQUE, et al.,

    Defendants.                   FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a second motion to dismiss, alleging that plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g).

I. Three Strikes And The PLRA

        The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who does not qualify for the "imminent danger" exception of the act and who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the

1

1  defendants are immune from suit and claims of infringement of a legal interest which clearly
2  does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).
3        When defendants challenge a plaintiff's in forma pauperis status, they bear the
4  initial burden of production:

> [T]he defendants must produce documentary evidence that allows
> the district court to conclude that the plaintiff has filed at least
> three prior actions that were dismissed because they were
> "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he
> defendants may not simply rest on the fact of dismissal. Rather,
> the defendants must produce court records or other documentation
> that will allow the district court to determine because it was
> "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

      Once defendants have met this initial burden, it becomes the prisoner's burden to explain why a prior dismissal should not count as a strike. It is his "ultimate burden" to persuade the court that § 1915(g) does not apply. Id; see also Evans v. Illinois Department of Corrections, 150 F.3d 810, 812 (7th Cir. 1998).

II. Plaintiff's Litigation History

      Defendants have submitted records from three cases plaintiff has pursued in federal court, arguing that all three are strikes. The court declines to determine whether two of the cases qualify as strikes under the PLRA, because one does not meet the definition.

      In Hardney v. Davis, Civ. Case No. F-94-5859 OWW DLB P (E.D. Cal.), plaintiff challenged an alleged failure to provide him with appropriate psychiatric treatment and a transfer to a facility without adequate treatment options for his mental illness. Findings and Recommendations filed Aug. 29, 1997, at 2 (attached to defendants' moving papers). The defendants filed a motion for summary judgment, supported by portions of plaintiff's medical files. The court ultimately found that the defendants were entitled to summary judgment because there was no "genuine issue for trial," Fed. R. Civ. P. 56(e), as to the medical care claim and because the allegations concerning the transfer did not add up to a constitutional claim. Id. at

1  11-12.  These findings and recommendations were upheld by the district court and ultimately, by
2  the Ninth Circuit.
3        This action does not qualify as a strike: the action was not resolved against
4  plaintiff until the summary judgment stage, after the resolution of a dispute about the merits and
5  viability of the action.  This court declines to find that a case ultimately resolved on summary
6  judgment is "undisputedly" without merit.  Because this case is not a strike, defendants have not
7  met their burden of showing that plaintiff has suffered three strikes.
8        IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be denied,
9  and that defendants file their answer within twenty days of any adoption of these findings and
10 recommendations.
11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: August 2, 2007.

                                              U.S. MAGISTRATE JUDGE

2
hard0476.57