IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

    Plaintiff,                    No. CIV S-04- 0476 RRB KJM P

    vs.

ANTHONY LA MARQUE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. He has filed two requests for leave to serve additional interrogatories on two of the defendants.

        Under Rule 33(a) of the Federal Rules of Civil Procedure, a party may serve any other party with up to twenty-five written interrogatories. If a party desires to serve additional interrogatories, he must seek leave from the court, which "shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Id. Subsection (C) of that rule provides that the court may limit discovery if it determines that the material sought is duplicative, cumulative, or obtainable from some other source, the party seeking the discovery has not taken advantage of prior opportunities for discovery, or the burden of compliance outweighs any benefits. A party seeking to serve interrogatories that exceed the rule's limit must make a showing of particularized need. Duncan v. Paragon Publishing, 204 F.R.D. 127, 128 (S.D. Ind. 2001);

1

Archer Daniels Midland Company v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999).

     A.  Defendant Lamarque

Plaintiff seeks leave to pose additional interrogatories because, in essence, he does not like some of Lamarque's answers to his initial interrogatories and because some of Lamarque's answers to the first set of interrogatories suggest the need for further inquiry. For example, defendant Lamarque classified defendants McDonald and Burke as library technical assistants, rather than as librarians, as plaintiff believed. Doc. No. 44 (2/12/08 motion), Larmarque's Response to Interrogatories ¶¶ 9, 11. Based on these answers, plaintiff has shown particularized need to propound his new interrogatories, numbered 6, 8, 9, 10, 12, concerning the job description and other matters relating to library technical assistants. His dissatisfaction with defendant Lamarque's other answers, about the maintenance of the law library, does not demonstrate a particularized need to make additional inquiries. Usery v.Brandel, 87 F.R.D. 670, 685 (W.D. Mich. 1980).

     B.  Defendant McDonald

Plaintiff seeks additional information from defendant McDonald because her responses show that she was a library technical assistant, not a librarian. Doc. No. 43, McDonald's Response to Interrogatories, ¶ 3. Plaintiff has thus shown particularized need to propound additional interrogatories concerning McDonald's job in the library; of the proposed interrogatories, numbers 1 through 4 and 6 are appropriate.

Plaintiff has also proposed a series of interrogatories concerning the supervision and training of inmate law clerks, stemming from McDonald's responses on this subject. Id., ¶¶ 12-13. Based on these answers, plaintiff has made a showing of particularized need for responses to his proposed interrogatories 8, 9, 11, and 14.

/////

/////

IT IS THEREFORE ORDERED that:

1. Plaintiff's request to propound additional interrogatories to defendant Lamarque (docket no. 44) is granted as to interrogatories 6, 8, 9, 10 and 12, but denied in all other respects;

2. Plaintiff's request to propound additional interrogatories to defendant McDonald (docket no. 43) is granted as to interrogatories 1 through 4, 6, 8, 9, 11 and 14, but denied in all other respects;

3. Defendants are given forty-five days from the date of this order in which to serve the answers to these interrogatories on plaintiff;

4. The deadline for filing dispositive motions is extended until May 15, 2008; and

5. The dates for filing pretrial statements, pretrial conference and trial are vacated pending resolution of dispositive motions.

DATED: February 29, 2008.

_____
U.S. MAGISTRATE JUDGE

2
hard0476.ord